**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Elvira Charley,<br><br>　　　　　Defendant/Movant. | CV 12-8032-PCT-JAT<br>CR 02-0081-PCT-JAT<br><br>**ORDER**<br>**(UNDER SEAL)** |

## I.　FACTUAL BACKGROUND

As recounted in the Report and Recommendation,

> On January 17, 2003, following a trial, a jury found Movant guilty of three counts of first degree murder and three counts of use of a firearm in the murders. *United States v. Charley*, 396 F.3d 1074, 1079 (9th Cir. 2005). The evidence at trial showed that Movant shot three of her six children the morning of January 1, 2002, as they slept in the family home. *Id.* at 1077.

Doc. 14 at 1.

## II.　PROCEDURAL BACKGROUND

On February 21, 2012, Movant filed a motion to vacate, set aside or correct sentence. Doc. 1. On August 23, 2012, Magistrate Judge Logan issued a Report and Recommendation recommending that the motion be denied. Doc. 14. On October 3, 2012, this Court issued the following order:

> On August 23, 2012, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation. On September 4, 2012, Movant filed a "Response to 2255 Denial." Thereafter, Movant filed two motions, one of

> which seeks "to grant me permission to an extension." Both motions seek to have this Court consider the Addendums at Docs. 11 and 12 as one document.
>
> The Court is unclear whether Movant intended her "Response to 2255 Denial" to be her objections to the Report and Recommendation, or if her request for an extension was because she contemplated filing objections. The Court will consider only one, single document as objections to the Report and Recommendation. Therefore, the Court will not consider either addendum (both of which were file before the Report and Recommendation) as objections. Further, the Court will not consider the "Response to 2255 Denial" in conjunction with any to-be-filed objections Movant may be contemplating.
>
> Thus, the Court will grant Movant an extension of time to file one, single consolidated objection to the Report and Recommendation within the time set forth below. If Movant fails to file anything by this time, the Court will deem the "Response to 2255 Denial" to be Movant's objections. If Movant does file objections, the Court will consider ONLY those objections and not all the other various documents Movant has filed.
>
> Accordingly,
>
> **IT IS ORDERED** that to the extent Doc. 16 is a request for extension of time to file objections, the motion is granted; Movant shall file her objections by November 5, 2012. If no objections are filed by November 5, 2012, the Court will deem the "Response to 2255 Denial" to be Movant's objections.
>
> **IT IS FURTHER ORDERED** that the remainder of Doc. 16 and Doc. 17 are both denied.

Doc. 18.

Thereafter, Movant filed four motions: 1) motion to present additional claims; 2) motion to appoint counsel; 3) motion for leave to proceed in forma pauperis, and 4) motion to amend pleading.

First, in Movant's motion to present additional claims, Movant does not identify any additional claims. Instead she asks, "all involve[d] to consider all these options in supporting my 2255 motion to vacate." Doc. 19. Because Movant failed to present any additional claims, this motion will be denied.

Next, Movant seeks appointment of counsel. The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. §3006A(a)(2)(B)). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his

- 2 -

1 claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718
2 F.2d 952, 954 (9th Cir. 1983).

3 Applying this test, the Court finds that the legal issues presented in this motion to
4 vacate, set aside or correct sentence are not complex; however, Movant's ability to articulate
5 her claims pro se is limited. Nonetheless, as will be discussed below, Movant does not have
6 a likelihood of success on the merits; thus, considering the simplicity of the issues and the
7 lack of likelihood of success, the Court will deny the request to appoint counsel.

8 Third, Movant seeks leave to proceed in forma pauperis. The Court will assume that
9 request is for purposes of appeal, and will address it in the Certificate of Appealability
10 discussion below.

11 Finally, Movant's motion to amend her pleading does not articulate any basis for
12 seeking an amendment nor does she propose any amendment. Thus, because Movant has
13 articulated no basis for amendment, any request to amend to add new, unidentified claims
14 at this time will be denied. Nonetheless, construing Movant's filing liberally, the Court will
15 construe this motion to be an appeal of the Order of the Magistrate Judge at Doc. 13, wherein
16 he denied leave to amend. Specifically, Movant previously filed two "addendums." The
17 Magistrate Judge ruled that he would not consider the additional claims in her addendums
18 unless she moved to amend. The Court will, therefore, construe her subsequent motion to
19 amend to be an appeal of that Order.

20 **III. DISCUSSION**

21     **A. Claims in Original Motion**

22 Turning first to Movant's properly raised claims from her original motion, Movant
23 raises three claims: 1) she claims that the district court erred by illegally sentencing her under
24 the first degree murder statute because she did not premeditate nor act with malice at the time
25 of the crime; 2) for this same reason, she claims the district court erred in sentencing her to
26 life without parole; and 3) the district court erred in failing to consider her alcohol use the
27 night before the crime. Doc. 14 at 3. As discussed above, the Magistrate Judge issued a
28 Report and Recommendation recommending that the motion to vacate, set aside or correct

- 3 -

1 sentence be denied. Doc. 14.

2 Movant failed to file a consolidated objection by November 5, 2012 as Doc. 18
3 required. Therefore, the Court will treat Movant's September 4, 2012 filing as her objections
4 to the Report and Recommendation. Doc. 15. Because Movant objected to the Magistrate
5 Judge's recommendation as to all three claims, the Court will review the Motion de novo.
6 *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

7 First, any issue raised and decided in a direct appeal is the law of the case and cannot
8 be relitigated as part of a § 2255 motion. *U.S. v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).
9 Second, as to any claim not raised in a direct appeal that could have been raised, to ensure
10 the finality of judgments, a § 2255 motion is not a substitute for, nor an extension of, a direct
11 appeal. *U.S. v. Frady*, 456 U.S. 152, 164-65 (1982). Because a § 2255 motion is not part of
12 the direct appeal, courts evaluate it under a higher standard for obtaining relief than a direct
13 appeal. *Id.* Thus, to raise a claim that could have been raised in the direct appeal, but was
14 not, a § 2255 petitioner must show "cause and actual prejudice" to prevail on the claim on
15 a collateral attack. *Id.* at 164-67 (finding that to consider a claim raised for the first time in
16 a § 2255 motion on a "plain error" review, the same as a direct appeal, would not give the
17 prior final judgment sufficient respect and deference). Additionally, "A [movant] may not
18 collaterally attack a sentence under § 2255 if he did not challenge it at sentencing or on a
19 direct appeal... . " *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004).

20 All three of Movant's claims could have been raised in her direct appeal. Movant has
21 not shown cause and prejudice to overcome her failure to raise this claims in her direct
22 appeal. Accordingly, relief on these claims will be denied.

23 Alternatively, as to ground three only, Respondent suggested that Movant may be
24 raising an ineffective assistance of counsel claim. Doc. 14, n. 3. Ineffective assistance of
25 counsel may be raised for the first time in a § 2255 motion. *United States v. Withers*, 638
26 F.3d 1055, 1066 (9th Cir. 2011).

27 Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n
28 ineffective assistance claim has two components: A petitioner must show that counsel's

- 4 -

1  performance was deficient, and that the deficiency prejudiced the defense. To establish
2  deficient performance, a petitioner must demonstrate that counsel's representation fell below
3  an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003)
4  (internal citations and quotations omitted). A deficient performance is one that is "outside
5  the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

6  Here, Movant argues that her counsel Deborah Williams was not "for her" and instead
7  was "against her." Doc. 15 at 2. Movant argues that Ms. Williams took advantage of her,
8  and that Ms. Williams could not understand Movant's case because Ms. Williams did not
9  have children. *Id.* Movant further argues that Ms. Williams interceded to prevent co-counsel
10 Michael Gordon from acting on Movant's behalf. *Id.* at 4.

11 All of these perceptions and opinions on Movant's part do not rise to the level of
12 ineffective assistance of counsel. Movant's makes no factual showing of how Ms. William's
13 conduct was below an objective standard of reasonableness.

14 Movant continues in her objections to state, "For sure it was not premeditated nor
15 malice and yes, I was drunk." Doc. 15 at 4. Beyond her own self-serving assertion, Movant
16 makes no showing that she was drunk. Thus, Movant cannot show that counsel's actions fell
17 below an objective standard of reasonableness because Movant has not shown there was
18 admissible evidence for counsel to present on this point. *See Guam v. Santos*, 741 F.2d 1167,
19 1169 (9th Cir. 1984) ("tactical decisions by counsel with which the defendant disagrees
20 cannot form the basis of a claim of ineffective assistance of counsel").

21 Moreover, Movant cannot show prejudice. Specifically, in her objections Movant
22 states,

23 "[Ms. Williams] told me herself that she did not have children. How would
   she know what its like to have your children in distress and how it hurts you
24 when you see your children crying and not knowing who this person is that's
   hurting your children. That you can't protect them from whoever this person
25 is that is verbally or physically abusing your children. She has no clue about
   being a mother. She had no clue of how precious your babies are to you when
26 you become a mother and how it [a]ffects you as a whole person."

27 Doc. 15 at 3.

28 From this statement, it appears Movant killed her children to protect them from some

- 5 -

outside force, rather than because of intoxication. As a result, Movant cannot show that she was prejudiced by her counsel's failure to argue an intoxication defense (assuming there was evidence to support such a defense) because Movant's own statements refute such a defense. Accordingly, Movant cannot show prejudice. Therefore, to the extent claim three is in fact an ineffective assistance of counsel claim it is denied.

### B. Claims in Addendums

Turning now to what the Court has construed as Movant's appeal of the Magistrate Judge's order denying her leave to amend her motion to add all the claims in her addendums, the Court will list the proposed additional claims: 4) Movant's lack of education; 5) counsel was ineffective for failing to raise alcohol use; 6) a request that this court investigate vital records; 7) ineffective assistance for failing to raise domestic violence (claims 4-7 are in Doc. 11); 8) the pawn shop in New Mexico should not have let Movant purchase a firearm; and 9) the Judge was biased or prejudiced (claims 8-9 are in Doc. 12).

Proposed claim 5 is discussed and rejected on the merits above. Claims 4, 8, and 9 could all have been raised at trial or in Movant's direct appeal and were not, and Movant has not show cause and prejudice to overcome her default of these claims. Claim 6 is not a basis for habeas relief.

Finally, as to ground seven, Movant has not established ineffective assistance as to this claim. First, Movant has not offered any evidence to support a claim of domestic violence; accordingly, counsel was not ineffective for not raising such a claim. *See Guam*, 741 F.2d at 1169. Second, given the evidence in this case, Movant cannot show prejudice. Specifically, assuming Movant and/or her children were the victims of domestic violence, this fact would not be a defense to Movant killing her children. Accordingly, Movant fails to establish ineffective assistance of counsel based on counsel's failure to raise domestic violence.

Thus, because none of Movant's proposed additional claims have merit, any amendment would be futile. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) (district court was correct in denying leave to amend a habeas petition where allowing the

1 amendments would be futile). Accordingly, the Court will affirm the Magistrate Judge's
2 order denying leave to amend.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 requires this Court to determine whether Movant is entitled to a certificate of appealability (COA) at the time the Court issues a ruling adverse to Movant. The Court should grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the majority of this Court's rulings were based on plain procedural bars and jurist of reason would not find this Court's rulings debatable. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). As to Movant's two theories of ineffective assistance, reasonable jurists would not find this Court's assessment of these constitutional claims debatable or wrong. *Id*. Therefore, the request for a COA will be denied.

### V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Movant's motion to amend (Doc. 24) which the Court construed as an appeal of the Magistrate Judge's order denying leave to amend (Doc. 13) is denied because any amendment would be futile.

**IT IS FURTHER ORDERED** that Movant's motion to present additional claims (Doc. 19), motion for appointment of counsel (Doc. 21) and motion for leave to proceed in forma pauperis (Doc. 22) are denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation is accepted and adopted (Doc. 14); Movant's objections (Doc. 15) are overruled; the Motion (Doc. 1) is denied with prejudice and the Clerk of the Court shall enter judgment accordingly (the judgment should not be sealed).

**IT IS FURTHER ORDERED** in the event Movant files an appeal, a certificate of appealability is denied.

**IT IS FINALLY ORDERED** that out of an abundance of caution, the Court has filed this Order under seal. However, the Court finds nothing in this Order that would require it

1  to be under seal. Accordingly, the Clerk of the Court shall automatically unseal this Order
2  in thirty days unless prior thereto either party files a motion to keep this order under seal and
3  justifies why the Order should be sealed.
4      DATED this 20th day of December, 2012.

_____
James A. Teilborg
United States District Judge

10  Copies to Counsel of the Government and Movant only